_ FILED   ✓ LODGED
_ RECEIVED   _ COPY

NOV 1 3 2015

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

✓ FILED   _ LODGED
_ RECEIVED   _ COPY

FEB   1 2016

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

JOHN S. LEONARDO
United States Attorney
District of Arizona
CHRISTINA J. REID-MOORE
Assistant U.S. Attorney
Arizona State Bar No. 018579
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500
christina.reid-moore@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR-15-0763-PHX-DGC (DKD) |
|---|---|
| Plaintiff, | |
| vs. | **PLEA AGREEMENT** |
| Mark Anthony Roberts, | |
| Defendant. | |

Plaintiff, United States of America, and the defendant, MARK ANTHONY ROBERTS ("defendant"), hereby agree to dispose of this matter on the following terms and conditions:

1.   **PLEA**

The defendant will plead guilty to Count 2 of the Indictment, Possession with the Intent to Distribute less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code (U.S.C.), §§ 841(a)(1) and 841(b)(1)(C), a Class C felony offense.

2.   **MAXIMUM PENALTIES**

a.   A violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) is punishable by a maximum fine of $1,000,000, a maximum term of imprisonment of 20 years, or both, and a term of supervised release of at least 3 years and up to life. Each supervised release violation may carry a maximum penalty of two (2) years in prison pursuant to Title 18,



United States Code, § 3583(e)(3).

b.      According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1)      make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2)      pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3)      serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4)      pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013(a)(2)(A).

c.      The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence.  However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

d.      The defendant understands and acknowledges that conviction of this offense may result in the defendant and the defendant's immediate family members losing eligibility for certain Welfare, Food Stamp, Social Security and other federal benefits pursuant to Title 21, United States Code, Sections 862 and 862a.

3.      **AGREEMENTS REGARDING SENTENCING**

a.      Stipulation.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C) and Guidelines § 6B1.4, the parties stipulate that for purposes of determining the sentence in this case, the quantity of actual methamphetamine that is readily provable as being in the possession and control of the defendant for purposes of distribution was at least five (5) grams, but no greater than twenty (20) grams, of actual methamphetamine.  Defendant

1    understands that if the Court rejects this stipulation, the parties will have the opportunity

2    to withdraw from the plea agreement.  Should this case, for any reason, proceed to trial,

3    neither party shall be bound by this stipulation with regard to the amount of drugs

4    attributable to the defendant.

5        b.    Stipulation.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and

6    the defendant stipulate that the defendant shall be sentenced to a term of imprisonment

7    that is no greater than the middle of the sentencing guideline range, as determined by the

8    Court.

9        c.    Stipulation.  The defendant specifically agrees to make payment to the Gila

10   River Police Department in the amount of $250.00 for unrecovered funds given to the

11   defendant during this investigation.

12       d.    Assets and Financial Responsibility.  The defendant shall make a full

13   accounting of all assets in which the defendant has any legal or equitable interest.  The

14   defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend,

15   or transfer any such assets or property before sentencing, without the prior approval of

16   the United States (provided, however, that no prior approval will be required for routine,

17   day-to-day expenditures).  The defendant also expressly authorizes the United States

18   Attorney's Office to immediately obtain a credit report as to the defendant in order to

19   evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

20   The defendant also shall make full disclosure of all current and projected assets to the

21   U.S. Probation Office immediately and prior to the termination of the defendant's

22   supervised release or probation, such disclosures to be shared with the U.S. Attorney's

23   Office, including the Financial Litigation Unit, for any purpose.  Finally, the defendant

24   shall participate in the Inmate Financial Responsibility Program to fulfill all financial

25   obligations due and owing under this agreement and the law.

26       If the defendant is a member of a Native American tribe that provides "per capita"

27   payments to its members, the defendant agrees that any such "per capita" payment shall

28

- 3 -

be paid over to the Clerk of the Court and applied to the defendant's restitution obligation until restitution to all victims is paid in full.

e.   Acceptance of Responsibility.   If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a).  If the defendant has an offense level of 16 or more, the United States will recommend an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

f.   Non-Binding Recommendations.   The defendant understands that recommendations are not binding on the Court.  The defendant further understands that the defendant will not be permitted to withdraw the guilty plea if the Court does not follow a recommendation.

**4.   AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

a.   Pursuant to Fed. R. Crim. P. 11(c)(1)(A), at the time of sentencing, the United States shall dismiss the following charges: Count 1 of the Indictment.

b.   This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

**5.   COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based

1     upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in

2     bringing later charges or proceedings. The defendant understands that any statements

3     made at the time of the defendant's change of plea or sentencing may be used against the

4     defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed.

5     R. Evid. 410.

6     **6.**     **WAIVER OF DEFENSES AND APPEAL RIGHTS**

7     The defendant waives (1) any and all motions, defenses, probable cause

8     determinations, and objections that the defendant could assert to the indictment or

9     information; and (2) any right to file an appeal, any collateral attack, and any other writ

10     or motion that challenges the conviction, an order of restitution or forfeiture, the entry of

11     judgment against the defendant, or any aspect of the defendant's sentence, including the

12     manner in which the sentence is determined, including, but not limited to, any appeals

13     under 18 U.S.C. § 3742 (sentencing appeals), motions under 28 U.S.C. §§ 2241 and 2255

14     (habeas petitions), and any right to file a motion for modification of sentence, including

15     under 18 U.S.C. § 3582(c). This waiver shall result in the dismissal of any appeal,

16     collateral attack, or other motion the defendant might file challenging the conviction,

17     order of restitution or forfeiture, or sentence in this case. This waiver shall not be

18     construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of

19     "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op.

20     15-01 (2015)).

21     **7.**     **DISCLOSURE OF INFORMATION**

22     a.     The United States retains the unrestricted right to provide information and

23     make any and all statements it deems appropriate to the U.S. Probation Office and to the

24     Court in connection with the case.

25     b.     Any information, statements, documents, and evidence that the defendant

26     provides to the United States pursuant to this agreement may be used against the

27     defendant at any time.

28

c. The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1) criminal convictions, history of drug abuse, and mental illness; and

(2) financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

## 8.   FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS

a. Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule). If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

## 9.   ELEMENTS

**Possession with the Intent to Distribute Less Than 50 Grams of
a Mixture or Substance Containing Methamphetamine**

1. On or about February 20, 2014, in the District of Arizona, the defendant knowingly or intentionally possessed methamphetamine, a controlled substance;

2. The defendant possessed the methamphetamine with the intent to distribute it; and

3. The controlled substance was less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine.

10.   **FACTUAL BASIS**

a.    The defendant admits that the following facts are true and that if this matter were to proceed to trial, the United States could prove the following facts beyond a reasonable doubt:

On February 20, 2014, in the District of Arizona, the defendant, MARK ANTHONY ROBERTS, possessed with the intent to distribute, less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine. Specifically, on such date, in the District of Arizona, an undercover officer ("UC") who had purchased methamphetamine from the defendant previously, gave the defendant $150.00 in exchange for one plastic bag of a substance containing methamphetamine while at the Sacaton Post Office. The Drug Enforcement Administration ("DEA") Laboratory's analysis confirmed that the total amount of substance contained in the bag purchased from the defendant on February 20, 2014, was a mixture containing methamphetamine, with a total net weight of 4.7 grams, and a total of approximately 4.6 grams of actual methamphetamine. Defendant possessed this actual methamphetamine with the intent to sell it. For purposes of relevant conduct, the defendant further admits that on or between November 26, 2013 and February 20, 2014, he possessed with the intent to distribute, and did distribute, between five (5) to twenty (20) grams of actual methamphetamine to an undercover officer, in the District of Arizona. The DEA Laboratory tested the substances sold by the defendant on or between these dates, and confirmed that the substances consisted of a total of approximately 5.7 grams of actual methamphetamine.

b.    The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

## APPROVAL AND ACCEPTANCE OF THE DEFENDANT

I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and

may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

_10-15-15_
Date

_____
MARK ANTHONY ROBERTS
Defendant

## APPROVAL OF DEFENSE COUNSEL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client.

1    I agree to make a bona fide effort to ensure that the guilty plea is entered in

2 accordance with all the requirements of Fed. R. Crim. P. 11.

3

4

5    10/15/15

Date

6                                              KRISTINA L. SITTON
                                               Attorney for Defendant

7                    **APPROVAL OF THE UNITED STATES**

8    I have reviewed this matter and the plea agreement.  I agree on behalf of the

9 United States that the terms and conditions set forth herein are appropriate and are in the

10 best interests of justice.

11

12                                             JOHN S. LEONARDO
                                               United States Attorney
13                                             District of Arizona

14

15    11/13/15

Date

16                                             CHRISTINA J. REID-MOORE
                                               Assistant United States Attorney

17                    **ACCEPTANCE BY THE COURT**

18

19

20    2/4/16

Date

21                                             THE HON. DAVID G. CAMPBELL
                                               United States District Judge

22

23

24

25

26

27

28

- 10 -